UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI MUSAID MUTHANA,

      Plaintiff,

v.

DARCY COLLEY,

      Defendant.

_____/

Case No. 1:22-cv-12624
District Judge Thomas L. Ludington
Magistrate Judge Kimberly G. Altman

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 26)[1]

### I.     Introduction

This is a prisoner civil rights case under 42 U.S.C. § 1983. Plaintiff Ali Musaid Muthana (Muthana), proceeding *pro se*, is suing Dracy Colley (Colley), a qualified mental health professional employed by the Michigan Department of Corrections (MDOC). Muthana alleges that Colley discriminated against him on the basis of his race, religion, color, and national origin. *See* ECF No. 1. All pretrial matters have been referred to the undersigned. (ECF No. 17).

Before the Court is Colley's motion for summary judgment, (ECF No. 26),

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

which is fully briefed, (ECF Nos. 37, 38, 39), and ready for consideration.  For the

reasons set forth below, it is RECOMMENDED that the motion be GRANTED.  If

this recommendation is adopted, Muthana's case would be dismissed.

## II.     Background

### A.     Grievances

In October and November 2021, Muthana filed several grievances naming

Colley in which he outlined the alleged events that form the basis for this lawsuit.

Where relevant, Muthana's deposition testimony has been used to expand on the

allegations Muthana first made in his grievances.

<u>October 21, 2021</u>

Muthana alleged that Colley was harassing and discriminating against him.

On October 13, 2021, Colley refused to allow Muthana to participate in group

therapy and instead directed a corrections officer to lock Muthana in his cell.  He

also referred to Muthana's Arab ethnicity derogatorily and called him names such

as "Camel Jockey Araab."  Colley also told Muthana on October 18, 2021, that he

did not want him in group therapy.  (*Id.*, PageID.4).

During the investigation into this grievance, Muthana refused to be

interviewed.  The investigator reviewed Muthana's chart and spoke to Colley.

Muthana's chart reflected that he had been disruptive during group therapy and

verbally warned to stop by Colley.  Muthana did not stop and was then escorted

2

out of group therapy.  No evidence suggested that Colley called Muthana any derogatory names.  Additionally, Muthana had made multiple threats to physically harm Colley.  Following the investigation, Muthana's grievance was denied at Step I.  (*Id.*, PageID.5).

October 22, 2021

According to Muthana, Colley has subjected him to racism, harassment, and discrimination.  As part of this pattern of behavior, Colley told "Nurse Barber" not to give Muthana his heart medication on October 13, 14, and 15, 2021, in an attempt to end Muthana's life.  He also called Muthana ethnic slurs and epithets including "sand nigger" and "camel jockey Araab."  (ECF No. 1, PageID.13).  On the night of October 16, Muthana claims to have been rushed to the hospital for heart issues.  (ECF No. 26-3, PageID.144).

November 2, 2021

This grievance involved a misconduct ticket[2] that was dismissed by a hearing officer on October 26, 2021.  Muthana alleged that following the hearing, Colley refused to allow the "therapy only" sticker to be removed from Muthana's cell door.  Colley also called Muthana a "sand niggard Araab."  (ECF No. 1, PageID.9).

---

[2] Muthana testified at his deposition that a corrections officer wrote the false misconduct ticket because he is friends with Colley.  (ECF No. 26-3, PageID.145-148).

During the investigation into this grievance, the investigator reviewed Muthana's chart and interviewed Muthana and Colley.  The investigator determined that the reason the sticker was not removed from Muthana's door at his request was because his management plan had not been updated and signed yet.  It was signed sometime after 3 p.m. on October 26, 2021.  Following the investigation, Muthana's grievance was denied at Step I.  (*Id.*, PageID.10).

### B.    Colley's Affidavit

Colley says that as part of his job duties he leads group therapy sessions for inmates including Muthana.  (ECF No. 26-2, PageID.135).  At group therapy on October 13, 2021, Muthana's behavior was disruptive to the session.  (*Id.*). Muthana was pacing, approaching and talking to Colley and other inmates, and banging on the Therapeutic Module.  (*Id.*).  When Muthana refused to follow Colley's direction to sit down, he was excused from the session.  (*Id.*).  At the October 18, 2021 session, Muthana behaved in the same disruptive manner.  (*Id.*). Colley asked a corrections officer to remove Muthana from the session.  (*Id.*).

Colley was later informed that Muthana made threats against him while the corrections officer was escorting Muthana.  (*Id.*).  The corrections officer issued a prisoner rule violation report for threatening behavior.  (*Id.*).  Following the issuance of the rule violation, Colley placed Muthana on "therapy only" status pending the hearing on the violation.  (*Id.*, PageID.136).  This was done in

accordance with facility policy. (*Id.*).

Colley denies directing the corrections officer to issue the violation report and ever directing a nurse to withhold any of Muthana's medication. (*Id.*, PageID.136-137). He further denies ever calling Muthana or any other inmate any racial pejoratives. (*Id.*, PageID.137).

C.    Muthana's Medical Records

Colley submitted over 100 pages of Muthana's medical records as an exhibit to the instant motion. Records relevant to Muthana's claims will be discussed below.

A medication administration record indicates that Muthana was given the medication Carvedilol (beta blocker) every day during October 2021. (ECF No. 26-4, PageID.152, 156). Despite Muthana's allegation to the contrary, neither his medical records, (ECF No. 26-6), nor the logbook for his unit for October 2021, (ECF No. 26-5), indicate that he was ever taken to the hospital for heart problems.

On October 19, 2021 at 9:02 a.m., Colley authored a management plan placing Muthana on therapy-only status, which meant that Muthana was required to be restrained when out of his cell and that his out-of-cell activities were limited to specified therapy related activities. (ECF No. 26-6, PageID.240).

On October 26, 2021 at 11:42 a.m., Colley authored a new management plan finding that Muthana was at low risk of self-harm and/or suicide and placing no

restrictions on him.  (*Id.*, PageID.234).

### III.    Legal Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary

judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P.

56(a).  A fact is material if it might affect the outcome of the case under governing

law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The court "views

the evidence, all facts, and any inferences that may be drawn from the facts in the

light most favorable to the nonmoving party."  *Pure Tech Sys., Inc. v. Mt. Hawley*

*Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004).

"The moving party has the initial burden of proving that no genuine issue of

material fact exists. . . ."  *Stansberry v. Air Wis. Airlines Corp.*, 651 F.3d 482, 486

(6th Cir. 2011) (internal quotation marks omitted); cf. Fed. R. Civ. P. 56(e)(2)

(providing that if a party "fails to properly address another party's assertion of

fact," the court may "consider the fact undisputed for purposes of the motion").

"Once the moving party satisfies its burden, 'the burden shifts to the nonmoving

party to set forth specific facts showing a triable issue.' "  *Wrench LLC v. Taco*

*Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The fact that Muthana is *pro se* does not reduce his obligations under Rule

56.  Rather, "liberal treatment of pro se pleadings does not require lenient treatment of substantive law." *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006).  Additionally, "once a case has progressed to the summary judgment stage, as is true here, the liberal pleading standards under the Federal Rules are inapplicable." *J.H. v. Williamson Cnty.*, 951 F.3d 709, 722 (6th Cir. 2020) (quoting *Tucker v. Union of Needletrades, Indus., & Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005)) (cleaned up).

## IV.    Discussion

Colley argues that he is entitled to summary judgment on numerous grounds, each of which will be discussed below.

### A.    Official Capacity Claims

Colley argues that he is entitled to absolute immunity as to any claims against him in his official capacity.  The undersigned agrees.  Colley is an employee of the MDOC, against which monetary suits are barred by the Eleventh Amendment.  *See, e.g.*, *Cady v. Arenac Cnty.*, 574 F.3d 334, 344 (6th Cir. 2009) ("[A]n official-capacity suit against a state official is deemed to be a suit against the state and is thus barred by the Eleventh Amendment, absent a waiver." (cleaned up)).  Accordingly, to the extent that Muthanna is asserting any claims against Colley in his official capacity, those claims are barred.

### B.    Personal Involvement

Colley argues that summary judgment is appropriate because Muthana did not sufficiently establish his personal involvement with regard to the alleged withholding of his heart medication.

Under § 1983, a plaintiff must "allege that the defendants were personally involved in or responsible for the alleged deprivation of his federal rights." *Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 368 (6th Cir. 2004) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983)).  At the summary judgment stage,

> Rule 56 requires a plaintiff confronting a summary-judgment motion to present evidence from which a jury could conclude that it was more likely than not that a defendant was involved.  Under these rules, courts in similar settings have held that "in the face of [a] motion for summary judgment, a § 1983 plaintiff must produce evidence supporting each individual defendant's personal involvement in the alleged violation to bring that defendant to trial." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 291 (3d Cir. 2018); *accord Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Rodriguez v. Unknown SAPD Officer*, 1996 WL 46700, at *1 (5th Cir. Jan. 4, 1996) (per curiam).

*Pineda v. Hamilton Cnty., Ohio*, 977 F.3d 483, 491-92 (6th Cir. 2020).

Here, Muthana alleges that Colley directed a nurse to not give Muthana his heart medication on several days during October 2021.  This allegedly resulted in a blood clot, for which Muthana was hospitalized and almost died.  In support of these allegations, Muthana presents a grievance he filed containing this allegation and his deposition testimony, which he made under oath.  In opposition to these

8

allegations, Colley has presented his own affidavit denying them, medication logs

showing that the medication was provided to Muthana on the dates in question, and

the unit logbook and Muthana's medical records, neither of which suggest that

Muthana was ever taken to the hospital for heart problems during the relevant

period.

It is simply not plausible that Muthana was hospitalized due to missing his

medications but cannot provide any record of this occurring.  Thus, Muthana has

failed to establish a genuine issue of material fact on the issue of personal

involvement and summary judgment is appropriate on this ground.

### C.     Deliberate Indifference

Colley argues that summary judgment is appropriate because Muthana's

allegations do not rise to the level of deliberate indifference as a matter of law and

Muthana has offered no evidence to create a genuine issue of material fact on the

issue of deliberate indifference.

### 1.     Muthana's Claim

Muthana's factual and legal allegations against Colley are detailed in Exhibit

A to his application to proceed without prepaying fees and costs.  (ECF No. 2,

PageID.35).  It is not entirely clear, but it appears that this exhibit was supposed to

be filed alongside Muthana's complaint.  In this exhibit, which is essentially just a

non-notarized narrative statement from Muthana, he says that he is asserting a

9

deliberate indifference claim under the Eighth Amendment against Colley related to Colley's alleged direction to a nurse to withhold Muthana's heart medication for several days.

### 2.    Legal Standard

Under the Eighth Amendment, prisoners have a constitutional right to medical care. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Prison officials may not act with deliberate indifference to the medical needs of their prisoners. *Id.* at 104.  An Eighth Amendment claim has two components, one objective and the other subjective. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2002).

Under the objective component, "the plaintiff must allege that the medical need at issue is 'sufficiently serious.' " *Comstock*, 273 F.3d at 702-03 (quoting *Farmer*, 511 U.S. at 834).  In *Farmer*, the Court held that the objective test requires that "the inmate show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834; *see also Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004).  Under the subjective component, "the plaintiff must allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Comstock*, 273 F.3d at 703.

10

3.    Analysis

Colley argues that Muthana has not presented evidence sufficient of

deliberate indifference to survive summary judgment. *See Goins v. Clorox Co.*,

926 F.2d 559, 561 (6th Cir. 1991) ("Once the moving party has presented evidence

sufficient to support a motion for summary judgment, the nonmoving party is not

entitled to trial merely on the basis of allegations; significant probative evidence

must be presented to support the complaint."); *see also Bates v. Provident Life &*

*Acc. Ins. Co.*, 596 F. Supp. 2d 1054, 1056 (E.D. Mich. 2009) (explaining that "the

nonmoving party must present significant probative evidence in support of its

opposition to the motion for summary judgment in order to defeat the motion"

(internal quotation marks and citations omitted)).

Colley, as the moving party, had the initial burden to prove that there is no

genuine issue of material fact in this case. *See Stansberry*, 651 F.3d at 486.  He

satisfied this burden by submitting evidence in the form of Muthana's medical

records showing that Muthana was provided with his heart medication (Carvedilol)

on October 13, 14, and 15, 2021, contrary to Muthana's claims otherwise.  Colley

has also submitted the logbook for Muthana's unit and Muthana's medical records

to show that Muthana was not taken to the hospital on or around the night of

October 16, 2021.

Once Colley met this initial burden, the burden then shifted to Muthana to

set forth specific facts showing that there actually is a triable issue in this case.  *See Wrench LLC*, 256 F.3d at 453.  Muthana did not do so.  While the undersigned acknowledges Muthana may have faced difficulties in gathering evidence as a *pro se* litigant, his *pro se* status does not entitle him to "lenient treatment" at the summary judgment stage of litigation.  *Durante*, 201 F. App'x at 344.

Here, Muthana did not put forth any admissible evidence to create a genuine issue of material fact as to whether Colley violated his rights.  Even if there is an issue of fact whether Colley caused Muthana to miss medications, Muthana must provide verifying medical evidence showing that this caused him serious medical harm.  *See Napier v. Madison Cnty.*, 238 F.3d 739, 742 (6th Cir. 2001); *Martin v. Warren Cnty.*, 799 F. App'x 329, 335, 338-39 (6th Cir. 2020); *Morabito v. Holmes*, 628 F. App'x 353, 354, 358-59 (6th Cir. 2015); *Bruederle v. Louisville Metro Gov't*, 687 F.3d 771, 774-75, 778-79 (6th Cir. 2012).  He has not done so; the medical records that have been provided do not reflect that Muthana has suffered any serious medical harm.

Accordingly, the undersigned recommends that Colley's motion for summary judgment be granted on this issue.  Based on the record before the Court, no reasonable jury could conclude that Colley was deliberately indifferent to Muthana's medical needs.

Additionally, Muthana cannot escape summary judgment through his

12

allegations that Colley verbally abused him, an activity that Colley denies.  It is

well-established that inmates have no constitutionally protected right to be free

from verbal abuse.  *Scott v. Kilchermann*, 230 F.3d 1359, 2000 WL 1434456, at *2

(6th Cir. 2000) (citing *Ivey v. Wilson*, 832 F.2d 951, 954-55 (6th Cir. 1987)).  The

constitution does not require prison staff to be nice to prisoners, only to ensure that

the conditions under which prisoners are confined are, at least, humane.  *Farmer*,

511 U.S. at 832.

### D.     Qualified Immunity

Colley argues that summary judgment is appropriate on the grounds of

qualified immunity.

Qualified immunity shields government officials performing discretionary

functions "from liability for civil damages insofar as their conduct does not violate

clearly established statutory or constitutional rights of which a reasonable person

would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  Created to

protect government officials from interference with their official duties, qualified

immunity "is an immunity from suit rather than a mere defense to liability."

*Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  It gives officials "breathing room

to make reasonable but mistaken judgments and protects all but the plainly

incompetent or those who knowingly violate the law."  *Stanton v. Sims*, 571 U.S. 3,

6 (2013) (punctuation modified).  After a defending official initially raises

qualified immunity, the plaintiff bears the burden of showing that the official is not entitled to qualified immunity. *Burgess v. Fischer*, 735 F.3d 462, 472 (6th Cir. 2013).

The Sixth Circuit has generally "use[d] a two-step analysis: (1) viewing the facts in the light most favorable to the plaintiff, [it] determine[s] whether the allegations give rise to a constitutional violation; and (2) [it] assess[es] whether the right was clearly established at the time of the incident." *Id.* The steps may be considered in either order, so "[i]f the court concludes that no constitutional violation has occurred, there is no need to address whether the alleged right was clearly established." *Kinlin v. Kline*, 749 F.3d 573, 577 (6th Cir. 2014).

As explained above, Colley is entitled to summary judgment on the merits. Muthana has not alleged facts showing that Colley committed a constitutional violation against him. Because the record fails to show a genuine issue of material fact as to whether a constitutional violation occurred, Colley is entitled to qualified immunity at step one on Muthana's claims or, in other words, summary judgment is appropriate on this ground. Indeed, the record fails to show that Muthana's constitutional rights were violated.

## V.    Conclusion

For the reasons stated above, the undersigned RECOMMENDS that Colley's motion for summary judgment, (ECF No. 26), be GRANTED. If this

14

recommendation is adopted, Muthana's case would be dismissed.

Dated: April 18, 2024                    s/Kimberly G. Altman
Detroit, Michigan                        KIMBERLY G. ALTMAN
                                         United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation. Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR

15

72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 18, 2024.

s/Carolyn Ciesla
CAROLYN CIESLA
Case Manager