UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALI MUSAID MUTHANA.,

                Plaintiff,                Case No. 1:22-cv-12624

v.                                                Honorable Thomas L. Ludington
                                                  United States District Judge

DARCY COLLEY.,

                                                   Honorable Kimberly G. Altman
               Defendants.            United States Magistrate Judge
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On November 1, 2022, Plaintiff Ali Musaid Muthana—an inmate at Woodland Center Correctional Facility[1] in Whitmore Lake, Michigan—filed a *pro se* Complaint alleging Defendant Darcy Colley, a Michigan Department of Corrections Qualified Mental Health Professional, violated his Eight Amendment rights by being deliberately indifferent to his objectively serious medical needs. *See* ECF No. 2 at PageID.35.[2] Plaintiff sued Defendant in both her personal and official capacities. ECF No. 1 at PageID.1.

---

[1] Notably, the Woodland Center Correctional Facility "houses the Inpatient Mental Health and Crisis Stabilization Program" for the Michigan Department of Corrections. *Woodland Center Correctional Facility (WCC)*, MDOC., https://www.michigan.gov/corrections/prisons/woodland-center-correctional-facility (last visited May 3, 2024) [https://perma.cc/TRF9-VQ82]. This referral-based Program aims to diagnose, treat, and stabilize prisoners presently experiencing "a serious mental health crisis. *Id.*

[2] In lieu of hand writing his alleged statement of facts within his Complaint, Plaintiff noted to "See Appendix A." ECF No. 1 at PageID.3. But Appendix A appears to have been inadvertently docketed as an exhibit to Plaintiff's motion to proceed *in forma pauperis* instead of his Complaint. *See* ECF No. 2 at PageID.35.

- 1 -

Plaintiff asserts three specific factual allegations in attempt to support his claim. First, Plaintiff alleges Defendant "discriminated against and harassed" him "by repeatedly removing him from group and constantly us[ing] racial slurs." ECF No. 2 at PageID.35. Second, Plaintiff alleges Defendant "attempted to kill" him by ordering a jail nurse to withhold his blood thinners for three days. *Id.* Plaintiff specifically alleges that, on the third day, he was "rush[ed] to the hospital for an angioplasty procedure" which revealed a "90% blood clot" in his heart. *Id.* Lastly, Plaintiff alleges that Defendant told a jail officer "to write a false misconduct and to lock [P]laintiff inside his cell for weeks." *Id.*

On March 16, 2023, all pretrial matters were referred to Magistrate Judge Kimberly G. Altman. ECF No. 17. In November 2023, Defendant filed a Motion for Summary Judgment which explained (1) Defendant removed Plaintiff from group sessions because Defendant was being disruptive and threatening, (2) Plaintiff's relevant medication records revealed he received his blood thinners every day, and (3) Plaintiff's medical records do not "contain any entries suggesting he was taken to a hospital" the day Plaintiff alleged he was. ECF No. 26 at PageID.114–18. Defendant argued for summary judgment because (1) Plaintiff did not sufficiently demonstrate his personal involvement; (2) Plaintiff's allegations do not constitute an Eighth Amendment violation; and (3) even if they did, he is entitled to qualified immunity in her personal capacity and sovereign immunity in his official capacity. *Id.* at PageID.120–30.

On April 18, 2024, after reviewing the factual record in its entirety, Judge Altman issued a report (R&R) recommending this Court grant Defendant's Motion for Summary Judgment, ECF No. 26, and dismiss the above-captioned case. ECF No. 40 at PageID.361–62. Judge Altman concluded Defendant is entitled to absolute sovereign immunity on any claims Plaintiff pursues against him in his official capacity. *Id.* at PageID.354–55. Judge Altman also concluded Plaintiff

had not demonstrated Defendant's personal involvement. *Id.* at PageID.355–56 ("It is simply not plausible that [Plaintiff] was hospitalized due to missing his medications but cannot provide any record of this occurring."). Further, Judge Altman found Plaintiff's allegations do not raise a cognizable Eighth Amendment claim. *Id.* at PageID.356–60 (noting Plaintiff "did not put forth any admissible evidence to create a genuine issue of material fact as to whether [Defendant] violated his rights"). Finding no underlying constitutional violation, Judge Altman did not analyze whether, in the alternative, qualified immunity would shield Defendant from liability on the claims asserted against him in her personal capacity. *Id.* at PageID.361.

Judge Altman provided the Parties 14 days to object, but the Parties did not do so. Thus, they have forfeited their right to appeal Judge Altman's findings. *See Berkshire v. Dahl*, 928 F.3d 520, 530–31 (6th Cir. 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). There is no clear error in Judge Altman's thorough R&R.

Accordingly, it is **ORDERED** that Magistrate Judge Kimberly G. Altman's Report and Recommendation, ECF No. 40, is **ADOPTED.**

Further, it is **ORDERED** that Defendants' Motion for Summary Judgment ECF No. 26, is **GRANTED.**

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE.**

**This is a final order and closes the above-captioned case.**

Dated: May 10, 2024                    s/Thomas L. Ludington
                                       THOMAS L. LUDINGTON
                                       United States District Judge